UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| DOMINIC BROWN, | ) |
| Plaintiff, | ) |
| v. | ) No.: 3:19-CV-476-RLJ-HBG |
| BILLY NICHOLS, Z. BARBEE, and F/N/U JACKSON, | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

This pro se prisoner's civil rights action for violation of 42 U.S.C. § 1983 is before the Court for consideration of dismissal. On December 15, 2021, this Court entered an order providing that Plaintiff would have fourteen (14) days from the date of entry of the order to show cause as to why this matter should not be dismissed for failure to prosecute [Doc. 74]. The deadline has passed, and Plaintiff has not complied with the order or otherwise communicated with the Court.

Under Federal Rule of Civil Procedure 41(b), the Court may dismiss a case for a failure of the plaintiff "to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b); *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 362-63 (6th Cir. 1999); *see also Rogers v. City of Warren*, 302 F. App'x 371, 375 n.4 (6th Cir. 2008) ("Although Rule 41(b) does not expressly provide for a sua sponte dismissal (the rule actually provides for dismissal on defendant's motion), it is well-settled that the district court can enter a sue sponte order of dismissal under Rule 41(b)." (citing *Link v. Wabash R.R.*, 370 U.S. 626, 630 (1962))). The Court examines four factors when considering dismissal under Fed. R. Civ. P. 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005).

Plaintiff's failure to timely comply with the Court's order is due to Plaintiff's willfulness or fault. This Court has granted Plaintiff numerous extensions in this cause and has advised Plaintiff of the necessary steps to proceed [*See, e.g.*, Docs. 41, 48, 51, 55, 64, 69, 71, 73]. Plaintiff has failed to comply with these orders, and in fact, he has not responded at all to the Court's last two orders. The Court finds that this failure to comply with the Court's orders has not resulted in any extreme prejudice to Defendants, as they have not filed answers in this cause. However, this Court explicitly advised Plaintiff in its most recent order that no further extensions of time would be granted in this cause, and the Court's local rules further warn pro se plaintiff's that failure "to timely respond to an order or pleading addressed to the last address provided to the Clerk may result in dismissal of the case or other appropriate action." E.D. Tenn. L.R. 83.13. The Court finds that alternative sanctions are not warranted, as Plaintiff has failed to comply with the Court's clear instructions, and this action has been stagnant for months.

Moreover, "while *pro se* litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Jourdan v. Jabe,* 951 F.2d 108, 109 (6th Cir. 1991). Plaintiff's pro se status did not prevent him from complying with the Court's order, and Plaintiff's pro se status does not mitigate the balancing of factors under Rule 41(b). Therefore, on balance, these factors support dismissal of this action under Rule 41(b).

The Court **CERTIFIES** that any appeal from this order would not be taken in good faith.

**AN APPROPRIATE ORDER WILL ENTER.**

ENTER:

s/ Leon Jordan<br>United States District Judge